## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

CASE NO. 3:05-CR-165

v.

(JUDGE CAPUTO)

CHAD WIEDER,

Defendant.

## MEMORANDUM

Presently before the Court is the United States' Motion for Reconsideration (Doc. 95) of the Court's Memorandum and Order (Doc. 93), dated July 31, 2007, in which the Court granted Defendant's Motion to Suppress Physical Evidence and Statements (Doc. 66).  Because the affidavit's description of images depicting "sexual acts" is insufficiently detailed even if analyzed under the authorities the Government cites instead of the *Dost* factors, and because Government's arguments for applying a good faith exception and construing narrowly the overly broad warrant are not appropriate for a motion to reconsider, the Court will deny the government's motion.

## BACKGROUND

Defendant Chad Wieder[1] was indicted for possession of child pornography in violation of 18 U.S.C. § 2252 (a)(4)(B) and with distribution of child pornography in

---

[1] In some earlier documents, the Defendant's name has been spelled incorrectly. The correct spelling is Chad Wieder.  (*See* Mot. to Suppress Physical Evidence & Statements, Doc. 66, at 1 n.1.)

violation of 18 U.S.C. § 2252 (a)(1).  (Indictment, Doc. 1.)  Trooper Scott M. Sotack of the

Pennsylvania State Police filed an Affidavit of Probable Cause to support the application

for a warrant to search the residence of the Defendant's parents, James W. and Dawn M.

Wieder.  That affidavit mentions the uploading of "child pornography," images of "female

children, who appear to be under the age of 18 years old, who are naked and exposing

their genital areas," and images of children "under the age of 18, either nude or engaged

in sexual acts."  (*See* Mem. & Order, Doc. 93, at 4.)  This Court found that the affidavit

inadequately described a violation of the Pennsylvania and Federal statutes under which

the warrant was issued and provided insufficient information "to allow the issuing

magistrate to make his own determination of probable cause."  (*Id.* at 5.)  The Court

granted Defendant's motion to suppress physical evidence seized from his home, and to

exclude, as fruits of an illegal search, statements the Defendant's father, James Wieder,

made to police during the execution of the warrant and statements the Defendant made

at the police station later the same day.  (*Id.*; *see also* Mot. to Suppress, Doc. 66 ¶¶ 94-

95.)

     The Government argues in support of its Motion for Reconsideration that this

Court committed clear errors of law.  (Mot. for Reconsideration, Doc 95 ¶ 3.)  The

Government argues that the Court was mistaken in relying on the *Dost* factors, which

establish when genital exhibition is lascivious, because those factors apply only to "mere

photographs of nude children," but do not apply to "much worse activity - images of

children engaged in sexual acts."  (*Id.* ¶ 4 & n.3.).  The Government also argues that the

Court erred in holding that the good faith exception to the exclusionary rule does not

apply (*Id.* ¶ 5.), and in invalidating the warrant in its entirety rather than only excising the

overly broad language and excluding only any seized evidence that is non-pornographic.

(*Id.* ¶ 6.)


## LEGAL STANDARD

A motion for reconsideration is governed by Rule 59(e) of the Federal Rules of

Civil Procedure, which allows a party to move to alter or amend a judgment within ten

days of entry. Fᴇᴅ. R. Cɪᴠ. P. 59(e). The purpose of a motion for reconsideration is to

correct manifest errors of law or fact or to present newly discovered evidence. *Harsco*

*Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). A judgment may be altered or

amended if the party seeking reconsideration establishes at least one of the following

grounds: "(1) an intervening change in controlling law; (2) the availability of new evidence

that was not available when the court granted the motion for summary judgment; or (3)

the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's*

*Seafood Café, by Lou-Ann, Inc., v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A

motion for reconsideration is not to be used as a means to reargue matters already

argued and disposed of or as an attempt to relitigate a point of disagreement between

the Court and the litigant." *Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 606

(M.D. Pa. 2002). "[R]econsideration motions may not be used to raise new arguments or

present evidence that could have been raised prior to the entry of judgment." *Hill v.*

*Tammac Corp.*, Civ. A. No. 05-1148, 2006 WL 529044, at *2 (M.D. Pa. Mar. 3, 2006).

Lastly, the reconsideration of a judgment is an extraordinary remedy, and such motions

should be granted sparingly. *D'Angio v. Borough of Nescopeck*, 56 F. Supp. 2d 502, 504 (M.D. Pa. 1999).

## DISCUSSION

### I. Applicability of the *Dost* Factors

The Government argues that the Court committed clear error in relying only on the *Dost* factors, which establish when genital exhibition is lascivious, because, the government argues, those factors apply only to "mere photographs of nude children," but do not apply to "much worse activity - images of children engaged in sexual acts." (Mot. for Reconsideration, Doc. 95 ¶ 4 & n.3.)  It is true that the court in *Dost* addressed only the subsection of 18 U.S.C. § 2256 that addresses "lascivious exhibition of the genitals or pubic area of any person,"[2] not other prohibited depictions of sexually explicit conduct. *See United States v. Dost*, 636 F. Supp. 828, 830 (S.D. Cal. 1986).  And the Third Circuit Court of Appeals' case that adopted the factors recognized that "lascivious exhibition of the genitals or pubic area" was "*one of* the five types of prohibited 'sexually explicit conduct' listed in 18 U.S.C. § 2256(2)." *United States v. Villard*, 885 F.2d 117, 121-22 (3d Cir. 1989) (emphasis added).  A later case from the Third Circuit Court of Appeals stated that the *Dost* criteria "should be used as a guide to whether an exhibition of genitalia or the pubic area is lascivious." *Doe v. Chamberlin*, 299 F.3d 192, 196 (3d Cir.

---

[2]

At the time of the *Dost* case, this definition appeared at 18 U.S.C. § 2255(2)(E).  Subsequently, it has been recodified at 18 U.S.C. § 2256 (2)(A)(5) and (2)(B)(iii).

2002).  Finally, the language of the *Dost* factors themselves would not make sense if applied to depictions of sexual acts.  Two of the factors are: "whether the setting of the visual depiction is sexually suggestive, i.e., in a place or pose generally *associated with sexual activity*," and "whether the visual depiction suggests ... *a willingness to engage in sexual activities*."  *Dost*, 636 F. Supp. at 832 (emphasis added).  This language confirms that the *Dost* factors are most logically applied to depictions of things other than sexual activity itself.

This Court did, it appears, apply the *Dost* factors to the affidavit's allegations that the Defendant possessed depictions of children "under the age of 18, either nude or engaged in sexual acts."  (*See* Mem. & Order, Doc. 93, at 5 ("[The affidavit] does mention engagement in sexual acts *and this could satisfy the sexually suggestive factor as well as the coyness or willingness to engage in sexual activities* [which are two of the *Dost* factors].") (emphasis added)).  Even if the Court had not applied *Dost* when analyzing the affidavit's allegation that Defendant's home contained images of children engaged in sexual acts, however, it still would have reached the same decision.  The phrase "either nude or engaged in sexual acts" remains too conclusory to support a search warrant. The Eighth Circuit Court of Appeals case that the Government suggests this Court follow began its inquiry by noting that, to make a determination that images are child pornography, a magistrate judge "must either view the images or rely on a detailed factual description of them."  *United States v. Chrobak*, 289 F.3d 1043, 1045 (8th Cir. 2002) (citing *New York v. P.J. Video, Inc.*, 475 U.S. 868, 873-74 (1986)).  It approved, as sufficiently detailed, the phrase "graphic files depicting minors engaged in sexually

5

explicit conduct" because the language was "almost identical to the language of [the statute]."  *Id.*  The court cited an earlier Eighth Circuit Court of Appeals case which held that "particularity is satisfied when the warrant describes material sought in the terms of the statute."  *Id.*  In other words, the court approved an otherwise insufficiently detailed description when its language was "almost identical to" the language of the statute.  *See also United States v. Cochran*, 806 F. Supp. 560, 565 n.4 (E.D. Pa. 1992), *aff'd* 17 F.3d 56 (3d Cir. 1994) ("This case [in which the warrant mentioned "nudity" and "professional child pornography"] must be distinguished from "the many cases relied on by the Government which uphold warrants for the seizure of 'child pornography.'  In those cases, the warrant tracked the explicit language of the applicable Federal statute, requesting the seizure of depictions of children engaged in 'sexually explicit conduct,' defined as the 'lascivious exhibition of the genitals or pubic area.'  The warrant in this case contains no specific language.") (citations omitted).

In the case at hand, the language "either nude or engaged in sexual acts," – unlike the phrase "sexually explicit conduct" – does not follow any language in the statute.  The statute prohibits depictions of minors engaged in "sexually explicit conduct" and goes on to define that conduct in specific, detailed terms.  *See* 18 U.S.C. § 2256(2).  None of these terms, nor the phrase "sexually explicit conduct" appeared in the affidavit.  Thus, even if the Court of Appeals in this Circuit chose to follow  the guidance from the Eighth Circuit – and it is not certain whether or not it would – courts in this Circuit would still not be correct to conclude that the simple phrase "engaged in sexual acts" is sufficiently detailed to support a search warrant.

6

## II. Good Faith Exception

The Government also argues that the Court erred in holding that the good faith exception to the exclusionary rule, from *United States v. Leon*, which involves an officer's reliance on a warrant, does not apply to an officer's affidavit in support of a warrant.  But the Court already ruled on this point with the assistance of the Government's earlier arguments.  (*See* Mem. & Order, Doc. 93, at 6.)  In moving to reconsider on this point, the Government is asking the Court "to rethink a decision it has already made, rightly or wrongly," which is not the purpose of a motion for reconsideration.  *Williams v. City of Pittsburgh*, 32 F. Supp. 2d 236, 239 (W.D. Pa. 1998).

## III. Severability of the Warrant

The Government finally submits that this Court erred in invalidating the warrant in its entirety and requests the Court construe the warrant to as to "exclude any evidence that is non-pornographic."  (Mot. for Reconsideration, Doc. 95, ¶ 6.)  The Court did not err in invalidating the entire warrant because of its overly broad language.  In another child pornography case in which a similar request was made, the court wisely concluded that "[i]t is the warrant which may be 'redacted,' not the evidence.  Such a reading would permit the Court to sift through the items seized pursuant to a general warrant and preserve that which could have been seized under a valid warrant, reducing the exclusionary rule to a nullity."  *Cochran*, 806 F. Supp. at 566.

Furthermore, the Government already had an opportunity to put forth this argument in its initial brief because the Defendant had at that time challenged the

7

language in the affidavit as insufficiently detailed.  (Br. in Supp. of Supplement to Mot. to Suppress, Doc. 70, at 3-8.)  But, although the Government argued for redaction of certain portions of the warrant, in response to the Defendant's ultimately unsuccessful *Franks* challenge, it did not make the argument for excluding selected evidence that it makes now.  Because the purpose of a motion for reconsideration is not to "put forth additional arguments that the litigant neglected to make prior to judgment," the Court will not revisit its initial decision.  *See Dodge v. Susquehanna Univ.*, 796 F. Supp. 829, 830 (M.D. Pa. 1992).

## CONCLUSION

For the reasons stated above, the Court will deny the government's Motion for Reconsideration. (Doc. 95.)

An appropriate Order follows.

September 18, 2007                              /s/ A. Richard Caputo
Date                                           A. Richard Caputo
                                               United States District Judge

8

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

UNITED STATES OF AMERICA,

CASE NO. 3:05-CR-165

v.

(JUDGE CAPUTO)

CHAD WEIDER,

Defendant.

## <u>ORDER</u>

**NOW**, this ___18th___ day of September, 2007, **IT IS HEREBY ORDERED** that the United States' Motion for Reconsideration (Doc. 95) is **DENIED**.

 /s/ A. Richard Caputo
A. Richard Caputo
United States District Judge